```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
    ─────────────────────────────────

    BIANCA MADELANE KARTERON,
                                          1:17-cv-08904-NLH-JS
         Plaintiff,
                                          **OPINION**
         v.

    ANTHONY CHIESA
    manager of One Stop Center,
    et al.,

         Defendants.
    ─────────────────────────────────
```

**APPEARANCES:**

BIANCA MADELANE KARTERON
57 NIXON AVE
BRIDGETON, NJ 08302
    Appearing *pro se*

AIMEE BLENNER
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
POX BOX 112
TRENTON, NJ 08625
    On behalf of Defendants

**HILLMAN**, District Judge

   On October 23, 2017, Plaintiff, Bianca Madelane Karteron, appearing *pro se*, filed a complaint against the New Jersey Department of Labor and several other individuals alleging that her various constitutional and state law rights were violated when Plaintiff lost her job, utilized Defendants' vocational

assistance programs, and could not secure new employment.[1]

Previously in March 2015, Plaintiff filed a New Jersey state court complaint against the same Defendants.  That case was dismissed at the trial level, affirmed by the appellate division, and the N.J. Supreme Court denied Plaintiff's petition for certification on May 11, 2017.  See <u>Karteron v. New Jersey Department of Human Services, Office of Licensing</u>, 2017 WL 1955190, at *1 (N.J. Super. Ct. App. Div. 2017); <u>Karteron v. New Jersey Department of Human Services</u>, 170 A.3d 342, 343 (N.J. 2017).

In this case, at the same time she filed an amended complaint on November 7, 2017 (Docket No. 6), Plaintiff filed a motion for summary judgment (Docket No. 7).  Her filing appears to be solely a copy of her petition for certification to the N.J. Supreme Court in her state court case.  (Docket No. 7-1.)

Under Federal Civil Procedure Rule 56(a), a party may move for summary judgment, identifying each claim, or the part of each claim, on which summary judgment is sought.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

---

[1] This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2

56(a).

This District's Local Civil Rule 56.1(a) requires that on motions for summary judgment the moving party shall provide the Court with a statement of all material facts not in dispute. L. Civ. R. 56.1(a). These facts shall be set forth in "separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L. Civ. R. 56.1(a). The purpose of the Rule 56.1 statement is for the parties to identify the facts relevant to the pending motion so the Court may determine whether a genuine dispute exists without having to first engage in a lengthy and timely review of the record. Vibra-Tech Engineers, Inc. v. Kavalek, 2011 WL 111417, at *2 (D.N.J. 2011).

The Rule specifically provides that a motion unaccompanied by "a statement of material facts not in dispute shall be dismissed." L. Civ. R. 56.1(a); see also Kee v. Camden County, 2007 WL 1038828, at * 4 (D.N.J. 2007) ("A moving party's failure to comply with Rule 56.1 is itself sufficient to deny its motion"); Bowers v. Nat'l Collegiate Athletic Ass'n, 9 F. Supp. 2d 460, 476 (D.N.J. 1998) ("This failure to comply with the Local Civil Rule would by itself suffice to deny [defendant's] motion for summary judgment.").

Plaintiff may not simply rely on her arguments in her state court certification petition to support a motion for

summary judgment in this Court.  Rather, she must demonstrate in this forum that there are no material factual disputes to be resolved and that she is entitled to judgment on her claims in this case as a matter of law.  She has not even attempted to articulate how she meets that standard.  Plaintiff's summary judgment motion also clearly fails to comply with Fed. R. Civ. P. 56 and Local Civil Rule 56.1.

Consequently, on procedural and substantive grounds, Plaintiff's motion for summary judgment must be denied.[2]  An appropriate Order will be entered.


Date:  May 18, 2018                s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[2] It appears that Defendants did not receive notice of Plaintiff's complaint until she filed her amended complaint on November 7, 2017, and legal representation for Defendants was not established until November 30, 2017.  (Docket No. 8 at 2.) Defendants did not file a response to Plaintiff's motion, and instead, after receiving an extension of time to respond to Plaintiff's amended complaint, Defendants timely filed a motion to dismiss on January 22, 2018.  (Docket No. 9, 11.)  That motion is still being briefed, as Plaintiff recently requested, and was granted, an extension until May 18, 2018 to file an additional response to Defendants' motion.  (Docket No. 20.)