UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BIANCA MADELANE KARTERON,

    Plaintiff,

v.

ANTHONY CHIESA,
manager of One Stop Center,
et al.,

    Defendants.

1:17-cv-08904-NLH-JS

**OPINION**

**APPEARANCES:**

BIANCA MADELANE KARTERON
57 NIXON AVE
BRIDGETON, NJ 08302
    Appearing *pro se*

AIMEE BLENNER
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
POX BOX 112
TRENTON, NJ 08625
    On behalf of Defendants

**HILLMAN**, District Judge

    Plaintiff, Bianca Madelane Karteron, appearing *pro se*, filed a complaint against One Stop Career Center, the New Jersey Department of Labor and Workforce Development, and Anthony Chiesa, the manager of One Stop Career Center, alleging that her various constitutional and state law rights were violated. Plaintiff complains that after she lost her job, she utilized

Defendants' vocational assistance programs and could not secure new employment.  Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint.  For the reasons expressed below, Defendants' motion will be granted.

## BACKGROUND

Plaintiff claims that when she was fired from her employer, Sodat, she was unable to find new employment for three years, despite using the state of New Jersey's unemployment resources.  Plaintiff claims that she was blacklisted after her termination, and the state unemployment assistance program did not inform her of the New Jersey Conscientious Employee Protection Act relating to her claims of illegal conduct by Sodat.  Plaintiff also claims that she was unable to obtain legal counsel "without title one resources and sitting in the unemployment office."  Plaintiff claims that as a result, she has suffered from depression and her reputation has been ruined.

Previously in March 2015, Plaintiff filed a New Jersey state court complaint against the same Defendants alleging the same claims.  That case was dismissed at the trial level, affirmed by the appellate division, and the N.J. Supreme Court denied Plaintiff's petition for certification on May 11, 2017. See Karteron v. New Jersey Department of Human Services, Office of Licensing, 2017 WL 1955190, at *1 (N.J. Super. Ct. App. Div. 2017); Karteron v. New Jersey Department of Human Services, 170

A.3d 342, 343 (N.J. 2017).

Defendants argue that Plaintiff's complaint here must be dismissed in its entirety because Plaintiff has failed to properly serve them with her complaint. Defendants also argue that they are entitled to sovereign immunity, Plaintiff's claims are barred by res judicata, and Plaintiff otherwise fails to state any cognizable claims against them. Plaintiff has opposed Defendants' motion, mainly arguing that her complaint in this Court is the "next step" in her efforts to vindicate her rights and expose Defendants' alleged improper conduct.

## **DISCUSSION**

**A.　Subject matter jurisdiction**

Plaintiff's asserted basis for this Court's jurisdiction is 28 U.S.C. § 1331. As discussed below, this Court lacks subject matter jurisdiction over Plaintiff's case under the Rooker-Feldman doctrine.

**B.　Analysis**

Plaintiff's complaint is dismissible on several bases, including lack of proper service,[1] failure to properly plead her

---

[1] Under Fed. R. Civ. P. 4(m), if a plaintiff fails to timely serve the defendants, the Court may (1) dismiss the action on the motion of a defendant, (2) dismiss the action on its own after notice to the plaintiff, or (3) order that service be made within a specified time. There is no indication on the docket that Defendants have been properly served. Plaintiff's service

3

claims,[2] and res judicata.[3] The primary reasons Plaintiff's complaint must be dismissed, however, are based on the bedrock principles of sovereign immunity and the Rooker-Feldman

---

of Defendants in the state court action is immaterial to the requirement that Plaintiff serve Defendants in this action.

[2] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Plaintiff has not pleaded sufficient facts against the Defendants to comply with the proper pleading standards.

[3] Res judicata encompasses claim and issue preclusion. U.S. v. 5 Unlabeled Boxes, 572 F.3d 169, 174 (3d Cir. 2009) (quoting Venuto v. Witco Corp., 117 F.3d 754, 758 n.5 (3d Cir. 1997). ("Collateral estoppel customarily refers to issue preclusion, while res judicata, when used narrowly, refers to claim preclusion. This court has previously noted that 'the preferred usage' of the term res judicata 'encompasses both claim and issue preclusion.'"). Claim preclusion requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies. Id. (citation omitted). Collateral estoppel requires of a previous determination that (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action. Id. (citation omitted). From a comparison of Plaintiff's claims in her state court action with this case, it appears that Plaintiff's case here presents identical parties, issues, and claims to her state court case. Plaintiff's case therefore appears to be precluded under res judicata principles.

4

doctrine, which, unlike the other bases for dismissal, are defects that cannot be cured.

   1.  **Sovereign immunity**

Plaintiff has brought constitutional claims[4] pursuant to 42 U.S.C. § 1983[5] against the One Stop Career Center, the New Jersey Department of Labor and Workforce Development, and Anthony Chiesa, in his official capacity as the manager of One Stop Career Center. These claims are barred by the Eleventh Amendment to the U.S. Constitution.

The Eleventh Amendment provides:

> The Judicial power of the United states shall not be construed to extend to any suit in law or equity, commenced

---

[4] Plaintiff asserts claims for violations of the 7th Amendment (right to a jury trial) and the 9th Amendment ("The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.").

[5] Section 1983 provides in pertinent part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or Territory, subjects, or causes to be subjected, any citizen of the United states or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. "By its terms, of course, [§ 1983] creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). Thus, "[t]o establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United states [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).

> or prosecuted against one of the United states by Citizens of another state, or by Citizens or Subjects of any Foreign state.

U.S. Const. amend. XI. "'That a state may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a state without consent given.'" Pennhurst state Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (quoting Ex parte state of New York No. 1, 256 U.S. 490, 497 (1921)). The Supreme Court in Hans v. Louisiana, 134 U.S. 1 (1890), "extended the Eleventh Amendment's reach to suits by in-state plaintiffs, thereby barring all private suits against non-consenting states in federal court." Lombardo v. Pa. Dep't of Pub. Welfare, 540 F.3d 190, 194 (3d Cir. 2008). "The state of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." Mierzwa v. United states, 282 F. App'x 973, 976 (3d Cir. 2008) (citing Ritchie v. Cahall, 386 F. Supp. 1207, 1209–10 (D.N.J. 1974)).

Thus, constitutional claims in federal court may only be asserted against a "person" and not the state, which includes state agencies and state actors sued in their official capacities. Beightler v. Office of Essex County Prosecutor, 342

F. App'x 829, 832 (3d Cir. 2009) (quoting <u>Fitchik v. New Jersey Transit Rail Operations</u>, 873 F.2d 655, 658 (3d Cir. 1989) (en banc)) (providing that the Eleventh Amendment protects state agencies when "'the state is the real party in interest'"); <u>Will v. Michigan Dept. of state Police</u>, 491 U.S. 58, 71 (1989) (holding that neither a state nor its officials acting in their official capacities are "persons" under § 1983); <u>Grohs v. Yatauro</u>, 984 F. Supp. 2d 273, 280 (D.N.J. 2013) (citing <u>Will</u>, 491 U.S. at 65–66) ("The state's sovereign immunity [] is preserved under Section 1983; a state is therefore not a 'person' who may be sued under Section 1983.").

Plaintiff has sued two state agencies and a state employee in his official capacity for their alleged constitutional violations. Those claims are barred under the Eleventh Amendment, and the Court must therefore dismiss Plaintiff's claims against the state Defendants because of sovereign immunity.

### 2. **Rooker-Feldman doctrine**

Although not explicitly pleaded in her complaint, Plaintiff's opposition brief makes it clear that she is seeking two forms of relief: (1) this Court's review of the state court decisions in her state court case in order to find that the state courts erred, and (2) this Court's independent review of the same claims she advanced in her state court case. Neither

7

request for relief is proper under the Rooker-Feldman doctrine.[6]

Under the Rooker-Feldman doctrine,[7] which is derived from the two Supreme Court cases District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding. Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F.2d 169, 177 (3d Cir. 1992); In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005) ("The Rooker–Feldman doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments.").

---

[6] Although conceptually similar in some respects, the Rooker-Feldman doctrine "is not simply preclusion by another name." Lance v. Dennis, 546 U.S. 459, 466 (2006); Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321, 329 (3d Cir. 2000) (explaining that the res judicata and Rooker-Feldman doctrines "may overlap and even be blurred," but "they are not coextensive," and the "distinction between Rooker–Feldman and preclusion is important because Rooker–Feldman, as a jurisdictional doctrine, must override preclusion doctrines where it applies.").

[7] A court has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction, which includes the determination of whether the Rooker-Feldman doctrine applies. Desi's Pizza, Inc. v. City of Wilkes-Barre 321 F.3d 411, 420 (3d Cir. 2003).

"[T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quotations omitted) (discussing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). If these requirements are met, the Rooker-Feldman doctrine prohibits the district court from exercising jurisdiction. Id.

Plaintiff's request that this Court reexamine the same claims the state court did, and separately assess the propriety of the state courts' decisions, plainly implicates the Rooker-Feldman doctrine.[8] Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's complaint, and it must also be dismissed on this basis.

---

[8] Plaintiff contends that filing her case in this Court is her "next step" to "find justice." That is incorrect. Because Plaintiff's claims were subject to final judgment by the New Jersey Supreme Court, Plaintiff's "next step" is the United States Supreme Court. See Lance v. Dennis, 546 U.S. 459, 463 (2006) (explaining that the U.S. Supreme Court is vested, under 28 U.S.C. § 1257, with exclusive jurisdiction over appeals from final state-court judgments).

9

**CONCLUSION**

Plaintiff's claims against Defendants are barred by the Eleventh Amendment, and even if sovereign immunity did not apply,[9] the Court is precluded under the Rooker-Feldman doctrine from sitting as an appellate court over her final state court judgment.  Consequently, Plaintiff's complaint must be dismissed.  An appropriate Order will be entered.


Date:  August 7, 2018             s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[9] See, e.g., Grohs v. Yatauro, 984 F. Supp. 2d 273, 281 (D.N.J. 2013) ("A claim for damages against a state official in his or her individual capacity is a different matter. In that individual capacity, he or she does not partake of the state's Eleventh Amendment sovereign immunity, and is a suable 'person' within the meaning of Section 1983.").